**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-0475 (TSC) |
| UNITED STATES DEPARTMENT OF JUSTICE, Defendant. | ) | |

JOINT MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND STATUS REPORT

The parties, by counsel, submit this joint motion and status report in response to the Court's October 3, 2016 Minute Order. Since filing the last status report, the parties have engaged in discussions to narrow and streamline the search and production process. Recently, the parties have agreed upon a schedule and a joint request from the Court an Order permitting the parties to move for summary judgment based on the applicability of 5 U.S.C. § 552(b)(7)(A) to certain records covered by that exemption without waiving any allegation or claim that those records are exempt from release for other reasons. [1]

The parties therefore propose that they file an additional status report by March 6, 2017 and respectfully request that the Court, pursuant to Fed. R. Civ. P. 42 and its inherent power of enter an order preserving Defendant's right to invoke and justify additional FOIA exemptions if

[1] Assuming the Court grants the parties' Joint Motion, Defendant intends to make the next production by December 5, 2016 and continue production on a monthly basis until complete. The parties will be able to then provide the Court with a briefing schedule, briefing applicability of the (b)(7)(A) exemption.

the factual basis for the assertion of Exemption 7(A) ceases to exist or in the event that the Court determines that Exemption 7(A) does not apply.

MEMORAMDUM AND POINTS OF AUTHORITY

In a FOIA action, "the agency bears the burden of justifying its decision to withhold requested information." King v. U.S. Dep't of Justice, 830 F.2d 210, 217 (D.C. Cir. 1987). "The agency may meet this burden by filing affidavits describing the material withheld and the manner in which it falls within the exemption claimed." Id. Exemption 7(A) permits an agency to withhold "records or information compiled for law enforcement purposes," provided that their disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); see also Sussman v. U.S. Marshals Service, 494 F.3d 1106, 1114-15 (D.C. Cir. 2007).

In the present case, the FBI plans to rely on Exemption 7(A) as grounds to withhold certain documents from release. *See* David Hardy Declaration (Hardy Decl.) ¶¶ 20-23, attached. At the summary judgment stage, the Court will evaluate the agency's withholdings under Exemption 7(A). Nonetheless, the parties seek to preserve the ability to argue whether the records are exempt from release − in whole or in part − under other FOIA exemptions, in the event that the factual basis for the assertion of Exemption 7(A) lapses or the Court rejects the FBI's legal position. Accordingly, and out of an abundance of caution, the parties seek an order preserving its right to assert additional FOIA exemptions. Such an order is entirely consistent with the law of this Circuit, and would lead to a timely and fair resolution of the issues raised in this action.

In Maydak v. U.S. Department of Justice, the defendant agency relied on Exemption 7(A) to withhold certain records pertaining to then-pending criminal proceedings. 218 F.3d 760, 762 (D.C. Cir. 2000). After the District Court granted the agency's motion for summary judgment and while the case was on appeal, the criminal proceedings concluded, thereby mooting the applicability of Exemption 7(A) to the requested records. Id. at 764. The agency sought remand to the district court to allow it to assert additional FOIA exemptions. Denying the motion and ordering the release of all responsive records, the Court stated: "We have plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings." Id. Courts have explained that Maydak's "general rule" does not preclude an agency from raising additional FOIA exemptions while a case remains pending in district court. See, e.g., Sussman, 494 F.3d at 1118 (explaining that a court may consider an exemption first raised in a "subsequent motion for reconsideration" because "[w]e have in the past permitted agencies to escape summary judgment in FOIA cases based on evidence first submitted on motions for reconsideration"); Lazaridis v. U.S. Dep't of Justice, 713 F. Supp. 2d 64, 70 n.7 (D.D.C. 2010) (rejecting the plaintiff's Maydak waiver argument when resolution of a motion to dismiss "d[id] not end the case"); Sciba v. Bd. of Governor of Fed. Reserve Sys., No. 04 Civ. 1011 (RBW), 2005 WL 758260, at *1 (D.D.C. Apr. 1, 2005) ("[A] fair reading of [Maydak] leads to the conclusion that the exemption only need be raised at a point in the district court proceedings that gives the court an adequate opportunity to consider it."); cf. Cuban v. SEC, 795 F. Supp. 2d 43, 61-63 (D.D.C. 2011) (concluding that information was properly withheld pursuant to Exemption 3 even though the agency did not invoke Exemption 3 until its motion for reconsideration).

Although Maydak would not necessarily foreclose the assertion of additional FOIA exemptions at a later stage in this district court litigation, out of an abundance of caution the parties agree to seek an order preserving the right to invoke and justify exemptions other than 7(A). See U.S. Department of Justice, Office of Information and Privacy, Freedom of Information Act Guide, 1043 (Mar. 2007) ("[The] prudent course of action [is] to obtain the court's permission to raise the threshold defense first in order to specifically reserve the right to invoke the remaining exemptions at a later date, if necessary."). The parties' motion reflects a procedure commonly employed by district courts in this Circuit as a means to promote judicial economy and the speedy and just resolution of FOIA matters. See, e.g., Pub. Investors Arbitration Bar Ass's v. SEC, Civil Action No. 11-2285 (BAH), Minute Order (D.D.C. July 16, 2012) (granting defendant's request to move for summary judgment on Exemption 8 without waiving any allegation that records are exempt from release under other FOIA exemptions); Ciralsky v. CIA, Civil Action No. 00-1709 (RWR), Minute Order (D.D.C. Aug. 8, 2005) (granting defendant's request to move for summary judgment on Exemption (b)(1) without waiving any allegation that records are exempt from release under other FOIA exemptions). Indeed, the D.C. Circuit authorized a similar procedure in United We Stand America, Inc. v. IRS, 359 F.3d 595, 598, 605 (D.C. Cir. 2004), in which the Court remanded a FOIA case to the district court to allow a defendant agency to assert certain exemptions that it had not previously asserted. The Court concluded that the agency had reserved its right to assert these additional exemptions through its district court filings, in which it stated, "[s]hould the Court determine that the documents in question constitute agency records for purposes of the FOIA . . . the defendant reserves the right, pursuant to the statute, to assert any applicable exemption claim(s), prior to disclosure, and to litigate further any such exemption claims." Id. Here, rather than assuming

that additional exemptions would be preserved, as did the agency in United We Stand, the parties seek an order authorizing its planned processing procedure.

The proposed relief would benefit both the parties, as well as the Court, by promoting judicial economy, preserving agency resources, and ensuring the speedy and efficient resolution of this matter. Indeed, it would not be an efficient use of either the parties' or the Court's resources to require motions the non-7(A) exemptions until the protection afforded by Exemption 7(A) has lapsed or is rejected. Moreover, if the Court denies this joint motion, the time it will take for the FBI to process and produce to plaintiffs any responsive, non-exempt documents will drastically increase. As explained in the accompanying Hardy Declaration, "[t]he process of reviewing the Exemption 7(A) material for additional underlying exemptions transforms the review process from a categorical document-by-document review, to a much lengthier page-by-page review to identify additional, underlying exemptions for assertion despite the blanket coverage of Exemption 7(A)." Hardy Decl. ¶ 23. If this motion is denied, the FBI would have to justify additional – and likely superfluous – exemptions by (1) reviewing each page of every document to determine exactly what documents, or portions thereof, are responsive to plaintiffs' FOIA request; (2) determining, for responsive information, whether that information is protected by an exemption in addition to Exemption 7(A); and (3) preparing a Vaughn index[2] comprehensively detailing all possible exemptions for each document. The FBI estimates that these additional steps would double the time that it needs to respond to Plaintiffs' request, *see Id.*, thereby thwarting FOIA's goals of "efficient, prompt, and full disclosure of information," August v. FBI, 328 F.3d 697, 699 (D.C. Cir. 2003). Where, as here, the request is

[2] See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

not made for the purpose of "gain[ing] a tactical advantage over the FOIA requester," it can and should be granted. See id. at 698.

## CONCLUSION

For the foregoing reasons, the Joint Motion For An Order Preserving Certain Allegations should be granted.

Respectfully submitted,

/s/Jason Aldrich
JASON B. ALDRICH
D.C. Bar No. 495488

JUDICIAL WATCH, INC.
Suite 800
425 3rd Street, S.W.
Washington, DC 20024
Tel.: (202) 646-5172
Fax.: (202) 646-5199
E-mail: jaldrich@judicialwatch.org

*Attorneys for Plaintiff*

CHANNING D. PHILLIPS,
D.C. Bar# 415793
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, Bar# 924092
Chief, Civil Division

By: /s/ Benton G. Peterson
BENTON PETERSON, Bar #1029849
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 252-2534